[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, the Commission on Human Rights and Opportunities (CHRO) and Juliet Scott (Scott) petition this court pursuant to G.S. 46a-95 to enforce an order issued by a Human Rights Referee on March 20, 2000 on a complaint of Scott, a black who charges that the defendant discriminated against her because of her color, marital status and that she had children, in their housing practices. After a judgment of default and a hearing in damages, Referee Jon Fitzgerald entered an order awarding compensatory damages to Scott as well as attorney's fees and costs and prohibiting the defendants from committing discriminatory acts. Under the order the defendants are required to pay Scott six thousand dollars ($6,000.00) in compensatory damages and her attorney's fees and costs of twenty-five thousand two hundred ninety-six and 44/100 dollars ($25,296.44) and pursuant to G.S. 37-3a allowed ten percent per annum (10%) interest commencing on the date of the decision on the awards of compensatory damages and attorney's fees.
The defendants filed an administrative appeal pursuant to G.S. 46a-94a
which was dismissed by the Court (Cohn, J.) as untimely. Subsequently the petitioners filed this action for enforcement of the order of the Referee. The defendants deny the allegations of the petition that a lawful enforceable order exists and specially pleads that (1) plaintiffs failed to comply with G.S. 46a-95 in giving notice; (2) the Hearing Officer went beyond the complaint to find discrimination denying the respondent's procedural due process; (3) the findings of the Hearing Officer are erroneous in view of the reliable, probative and substantial evidence in the whole record; (4) the agency's decision is tainted with procedural irregularities implicating the validity of the decision by the Hearing Officer's refusal to set aside default, grant a reasonable continuance to their counsel who had just been retained and excluding rebuttal evidence; (5) the decision ignored the findings of the City of Hartford licensing and inspections and Section 8 administrators who ruled after hearing that the complainant and not the landlord was responsible for the alleged damages to her unit; and (6) the respondent's rights to equal protection of the laws was violated through the unconstitutional CT Page 3284 procedure used in fashioning the decision. They also filed a counterclaim for damages for denying the respondent their constitutional rights. The plaintiffs have filed a reply that the defendants' answer and counterclaim are untimely and that the plaintiffs have complied with the notice requirements of the Practice Book.
Subsequently the petitioners filed a motion to strike the special defenses and counterclaim which the court (Beach, J.) granted on July 2, 2001. The pleadings being closed, the matter was claimed for a hearing pursuant to G.S. 46a-95. At the hearing both parties referred to the evidence presented to the presiding officer and neither requested further evidence to be submitted. The commission has submitted a record of the proceedings below, including the pleadings and a transcript of the testimony and evidence upon which the presiding officer made his findings and orders including such findings and orders pursuant to G.S. 46a-95
(b). The court shall have jurisdiction of the proceeding and of the questions determined thereon and have power to grant relief based on the pleadings, testimony and proceedings submitted to it and enter a decree enforcing, modifying and enforcing as so modified, or remanding, in whole or in part, any order of the presiding officer pursuant to G.S. 46a-95
(d). The findings of the presiding officer as to the facts, if supported by substantial and competent evidence, shall be conclusive. G.S. 46a-95
(h). An examination of the proceedings and the transcript of the testimony and evidence presented before the presiding officer supports his findings by substantial and competent evidence that the respondents engaged in discriminatory conduct against the petitioner, Scott, because of her race and color and that of her children and that she was a single mother as to their housing practices in the relationship with her as landlord. See Crochiere v. Board of Education, 227 Conn. 333, 358-9. The presiding officer was in a better position than this court to determine the credit of the witnesses and the effect on the petitioners the conduct of the respondents had. Poor housekeeping, damages to the premises and the petitioner's lifestyle do not excuse the respondent's discriminatory conduct in their housing practices. In fact, the presiding officer may use such conduct of the petitioner as evidence demonstrating the stress placed upon the petitioner by the discriminatory conduct of the respondents. The presiding officer was in a better position than this court to evaluate compensatory damages and the extent of the attorney's work in establishing fees both of which appear to fall within a reasonable range when the complexity of this case is considered.
For the above reasons the court enters a decree enforcing the order of the presiding officer awarding compensatory damages to Juliet Scott in the amount of six thousand dollars ($6,000) and her attorney's fees and costs of twenty-five thousand two hundred ninety-six and 44/100 dollars ($25,296.44) with interest on said sums of compensatory damage and CT Page 3285 attorney fees at the rate of ten percent per annum from the date of said order, May 20, 2000, to be paid by the respondents to Juliet Scott and her attorney respectively.
The respondents shall cease and desist from refusing to negotiate to rent, or from refusing to make timely repairs to such premises to which the provisions of G.S. 46a-64c are applicable to any person because of race, creed, color, national origin, ancestry, sex, marital status, age, lawful source of income, or family status except as otherwise may be permitted by Chapter 814c of the General Statutes.
The respondents and their agents or employees shall not engage in any conduct against the complainant, her children or any participant to this or the foregoing proceedings.
Corrigan, JTR